UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B. KIBLER, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01740-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISS ACTION**<br><br>(Doc. 3)<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Before the Court is Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 3.) Because Plaintiff has more than three "strikes" under section 1915(g) and fails to show that he is in imminent danger of serious physical injury, the Court recommends that his application be denied and this action be dismissed.

**I.　　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides, "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II. DISCUSSION

The Court takes judicial notice of five of Plaintiff's prior lawsuits that were dismissed because they were frivolous or failed to state a claim on which relief can be granted:[1] (1) *Trujillo v. Sherman*, No. 1:14-cv-01401-BAM (E.D. Cal.) (dismissed on April 24, 2015, for failure to state a claim); (2) *Trujillo v. Ruiz, et al.*, No. 1:14-cv-00975-SAB (E.D. Cal) (dismissed on January 6, 2016, for failure to state a claim); (3) *Trujillo v. Gomez, et al.*, No. 1:14-cv-01797-DAD-DLB (E.D. Cal) (dismissed on August 5, 2016, for failure to exhaust administrative remedies under Federal Rule of Civil Procedure 12(b)(6))[2]; (4) *Trujillo Cruz v. Gomez, et al.*, No. 1:15-cv-00859-EPG (E.D. Cal) (dismissed on February 3, 2017, for failure to state a claim); and (5) *Trujillo v. Gonzalez-Moran, et al.*, No. 17-15200 (9th Cir.) (dismissed on July 28, 2017, as frivolous). These cases were dismissed before Plaintiff initiated the current action on December 10, 2020. Plaintiff is therefore precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

Plaintiff alleges that he was attacked by an inmate on November 14, 2020, at the direction of the defendants in retaliation for filing a lawsuit.[3] (Doc. 1 at 3, 5-6.) As an initial matter, Plaintiff does not provide factual allegations that make his claim of retaliation plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Specifically, Plaintiff does not allege facts to establish that the defendant-officials at North Kern State Prison—Warden Santoro and Associate Wardens Field and Kibler—were involved in the attack by another inmate. Additionally, Plaintiff does not allege that the past incident, or current or ongoing conditions of confinement, have placed him under imminent, *future* danger of serious physical harm. "Allegations of past harm do not suffice." *Ciarpaglini v. Saini*, 352 F.3d 328, 329 (7th Cir. 2003).

///

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] When a failure to exhaust administrative remedies is clear from the face of the complaint, the complaint is subject to dismissal under Rule 12(b)(6) for failure to state a claim. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1043-44 (9th Cir. 2016).

[3] Given that Plaintiff filed this lawsuit less than one month after the subject incident, it is also clear on the face of the complaint that he failed to exhaust administrative remedies prior to filing suit, which provides an independent basis for dismissal of this action.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court DIRECTS the Clerk of the Court to assign a district judge to this action and RECOMMENDS that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) be DENIED; and,
2. This action be DISMISSED without prejudice to refiling upon prepayment of the filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 17, 2020**          /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE