UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>  Plaintiff,<br><br>  v.<br><br>B. KIBLER, et al.,<br><br>  Defendants. | Case No. 1:20-cv-01740-NONE-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST**<br><br>21-DAY DEADLINE |

Plaintiff Guillermo Trujillo Cruz is a state prisoner proceeding *pro se* in this action brought pursuant to 42 U.S.C. § 1983. He alleges that, on November 14, 2020, Defendants purposefully failed to protect him from an attack by another inmate. (Doc. 1 at 3, 5, 6.)

Plaintiff's complaint is dated November 20, 2020, only six days after the subject incident. (*Id.* at 7.) The short duration of time between the incident and the initiation of this action "strongly suggests that [he] did not … attempt to comply with the exhaustion requirement." *Howell v. Selliers*, No. 1:18-cv-00420-EPG, 2018 WL 4173724, at *2 (E.D. Cal. 2018). It would be nearly impossible to complete multiple levels of administrative review in only six days.

Additionally, Plaintiff attaches to his complaint responses to grievances filed *prior to* November 14, 2020. The inclusion of these responses, coupled with the *absence* of any response regarding the November 14 incident, also suggests that Plaintiff failed to file a grievance regarding the incident, or to receive a response to a grievance, before he filed his complaint.

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under … any other Federal law … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

It appears that Plaintiff failed to exhaust administrative remedies prior to initiating this action. Accordingly, the Court ORDERS Plaintiff, **within 21 days** of the date of service of this order, to show cause in writing why this action should not be dismissed for his failure to exhaust. Alternatively, Plaintiff may file a notice of voluntary dismissal. Failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: **January 25, 2021**　　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

2