UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>B. KIBLER, et al.,<br><br>Defendants. | Case No. 1:20-cv-01740-NONE-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>14-DAY DEADLINE |

Plaintiff Guillermo Trujillo Cruz, a state prisoner proceeding *pro se*, initiated this action on December 10, 2020. (Doc. 1.) Plaintiff alleges that Defendants failed to protect him from an attack by another inmate on November 14, 2020. (*Id.* at 3, 5, 6.) Plaintiff's complaint is dated November 20, 2020—only six days after the subject incident. (*Id.* at 7.) Given this short timeframe, Plaintiff did not appear to have exhausted his administrative remedies prior to filing suit.

Therefore, on January 25, 2021, the Court issued an order to show cause why this action should not be dismissed for failure to exhaust. (Doc. 11.) Plaintiff filed a response to the order to show cause on February 11, 2021. (Doc. 13.) Plaintiff does not deny that he failed to exhaust. He instead contends that this action should not be dismissed because the California Department of Corrections and Rehabilitation (CDCR) has "failed to properly process all [grievances] from June 2019." (*Id.*) The Court finds Plaintiff's argument unavailing. For the reasons set forth below, the

Court recommends that this action be dismissed.

## I. LEGAL STANDARD

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under … any … Federal law … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

## II. DISCUSSION

It is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to filing suit. Plaintiff nevertheless contends that this action should not be dismissed because CDCR has "failed to properly process all [grievances] from June 2019." (Doc. 13 at 9.) It is unclear what Plaintiff means by "failed to properly process," but it *is* clear that he does not mean that CDCR failed to respond to his grievances. Attached to his complaint are responses from the CDCR Office of Appeals to two of Plaintiff's prior grievances. (Doc. 1 at 12, 27.) CDCR affirmed the cancellation of one grievance in May of 2020, and it constructively denied the other due to time constraints in April of 2020. (*Id.*) Plaintiff exhausted the claims underlying the latter grievance.

The Supreme Court has outlined an exception to the exhaustion requirement where administrative remedies are "unavailable." *Ross v. Blake*, 136 S. Ct. at 1858-60. To be

"unavailable," the administrative process must (1) operate as a "simple dead end," (2) be so "opaque" as to be "incapable of use," or (3) be thwarted by "prison administrators … through machination, misrepresentation, or intimidations." *Id.* at 1859-60. Plaintiff neither shows, nor suggests that either of these situations apply. Rather, his claim that CDCR has "failed to properly process" his grievances, coupled with examples where CDCR cancelled or denied his grievances, suggests that he complains of the fact that his prior grievances were not granted. However, the Supreme Court has not recognized a "futility" exception to the exhaustion requirement. *Booth*, 532 U.S. at 741 n.6.

As long as an administrative remedy was available, Plaintiff was required to exhaust it prior to filing suit. Because he failed to do so with respect to the claims underlying this action, Plaintiff may not pursue this action. Even if he has raised claims that are serious and would otherwise entitle him to relief, "exhaustion is mandatory under the PLRA and … unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211.

### III.   CONCLUSION AND RECOMMENDATION

Plaintiff failed to exhaust his administrative remedies prior to initiating this action. Accordingly, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 16, 2021**                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE