UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>B. KIBLER, et al.,<br><br>Defendants. | No. 1:20-cv-01740-NONE-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO EXHAUST<br><br>(Doc. No. 14) |

Plaintiff Guillermo Trujillo Cruz is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 26, 2021, the assigned magistrate judge found that plaintiff appeared to have failed to exhaust administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act. (Doc. No. 11.) The magistrate judge noted that plaintiff's complaint initiating this civil action is dated November 20, 2020, which is only six days after the incident underlying this civil action allegedly took place. (*Id.* at 1.) Therefore, the magistrate judge ordered plaintiff to show cause why this action should not be dismissed for failure to exhaust administrative remedies prior to filing suit. (*Id.* at 2.)

Plaintiff filed a response to the order to show cause on February 11, 2021. (Doc. No. 13.) Therein, plaintiff does not deny that he failed to exhaust his administrative remedies. Rather, he

contends that the California Department of Corrections and Rehabilitation ("CDCR") "failed to properly process all [grievances] from June 2019." (*Id.*)

On February 16, 2021, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed without prejudice. (Doc. No. 14.) The magistrate judge found that it is clear on this face of his complaint that plaintiff failed to exhaust administrative remedies prior to initiating this action. (*Id.* at 2.) The judge found plaintiff's argument that CDCR failed to properly process his inmate grievances to be unavailing, in part because plaintiff attached exhibits to his complaint that revealed he exhausted an administrative inmate grievance with respect to issues unrelated to this case. (*Id.*) Thus, the magistrate judge found that plaintiff appeared to complain of the fact that CDCR denied or cancelled his prior inmate grievances, not that administrative remedies were unavailable to him. (*Id.* at 3.)

The magistrate judge provided plaintiff 14 days to file objections to the findings and recommendations. (*Id.*) On March 16, 2021, the judge granted plaintiff an extension of time to file objections, up until April 9, 2021. (Doc. No. 17.) To date, plaintiff has not filed any objections to the pending findings and recommendations, and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and proper analysis. As the magistrate judge correctly found, "exhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). Although prisoners need not exhaust administrative remedies that are unavailable, *Ross v. Blake*, __U.S.__, 136 S. Ct. 1850, 1858-60 (2016), plaintiff has failed to allege facts showing that administrative remedies were unavailable to him. His conclusory statement that CDCR failed to properly process his inmate grievances from June 2019 does not show that administrative remedies were unavailable, particularly when the attachments to his complaint show that plaintiff exhausted such administrative remedies with respect to claims unrelated to this case.

/////

| | |
|---|---|
| 1 | The court has also reviewed the four filings plaintiff submitted since the pending findings |
| 2 | and recommendations issued and finds they offer no reason to depart from or delay the adoption |
| 3 | of the findings and recommendations. The first is a one-page filing that simply requests |
| 4 | permission to amend the complaint to add a defendant and new facts and law. (Doc. No. 15.) |
| 5 | Another document, entitled "motion to supplement complaint," (Doc. No. 20), requests |
| 6 | permission to add to the complaint allegations that pertain to the applicability of the imminent |
| 7 | danger exception to the three strikes rule. *See* 28 U.S.C. § 1915(g). Neither document attempts |
| 8 | to address the issue of exhaustion of administrative remedies in any way. |
| 9 | Plaintiff has also filed a motion that appears to request that the court stay further action in |
| 10 | this case. (Doc. No. 19.) Plaintiff indicates therein that he has been temporarily transferred to a |
| 11 | different institution so that he can attend legal proceedings and presently lacks access to his legal |
| 12 | documents. (*Id.*) He requests a stay of this action through August 21, 2021, which is when he |
| 13 | anticipates being transferred back to Pelican Bay State Prison. (*Id.*) The requested stay is not |
| 14 | warranted under the circumstances. Plaintiff has been able to communicate effectively with the |
| 15 | court from the prison where he is temporarily imprisoned and the court cannot envision any |
| 16 | information that might be within plaintiff's legal files that could undermine the reasoning of the |
| 17 | pending findings and recommendations with respect to his failure to exhaust administrative |
| 18 | remedies prior to filing this action. |
| 19 | Finally, plaintiff filed a notice of appeal on March 24, 2021, in an apparent attempt to |
| 20 | appeal from the magistrate judge's findings and recommendations. (Doc. No. 18.) Normally, the |
| 21 | timely filing of a notice of appeal would divest a district court of jurisdiction over issues within |
| 22 | the scope of the appeal. *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). However, when a |
| 23 | notice of appeal is defective because it refers to a non-appealable interlocutory order, the notice |
| 24 | does not transfer jurisdiction to the appellate court. *Nascimento v. Dummer*, 508 F.3d 905, 908 |
| 25 | (9th Cir. 2007). Therefore, the court may act on the pending findings and recommendations even |
| 26 | though a notice of appeal has been filed by plaintiff. The court will, however, direct the Clerk of |
| 27 | Court to process the notice of appeal as though it had been addressed to this order, rather than to |
| 28 | the non-final findings and recommendations. *See Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, |

388 (9th Cir.1966) (considering a premature and thus defective notice of appeal to have been taken to a subsequently entered final decision).

Accordingly,

1. The findings and recommendations issued on February 16, 2021 (Doc. No. 14) are adopted in full;
2. This action is dismissed without prejudice due to plaintiff's failure to exhaust his administrative remedies prior to filing suit;
3. The Clerk of the Court is directed to terminate all pending matters in this action, assign a district judge to this case for purposes of closure, and close this case; and
4. The Clerk of Court shall also process the notice of appeal (Doc. No. 18), as an appeal from this order.

IT IS SO ORDERED.

Dated: **May 15, 2021**

UNITED STATES DISTRICT JUDGE